**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FIRST CITIZENS BANK & TRUST COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CNET, Inc and ) <br> BIBI AKLIMA ALI, ) <br> ) <br> Defendants. ) | Case No.: <br><br> Claim amount: $215,843.07, plus pre-judgment interest, attorneys' fees and costs |

**VERIFIED COMPLAINT**

NOW COMES Plaintiff FIRST CITIZENS BANK & TRUST COMPANY ("First Citizens"), by and through its counsel, and for its Verified Complaint against Defendants CNET, Inc. ("CNET"), and BIBI AKLIMA ALI ("Ali") (collectively, the "Defendants"), states as follows:

**PARTIES**

1. First Citizens is a state bank chartered under the laws of the State of North Carolina, and maintains its principal place of business at 239 Fayetteville St., Raleigh, NC 27601.

2. Defendant CNET is a Georgia corporation with its principal place of business located at 2410 Summit Oaks Ct., Lawrenceville, GA 30043.

3. Defendant Ali is a citizen of the State of Georgia domiciled at 2410 Summit Oaks Ct., Lawrenceville, GA 30043.

**JURISDICTION**

4. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

1

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to First Citizens' claims occurred in this district, and because a substantial part of property that is the subject of the action is situated in this district.

## FACTS COMMON TO ALL COUNTS

a. **Master EFA Agreement xx4266**

6. On February 17, 2023, First Citizens, as lender, and CNET, as borrower, entered into Master EFA Agreement xx4266 (the "Agreement"), wherein First Citizens agreed to provide financing to CNET pursuant to a series of equipment schedules, and CNET agreed to grant First Citizens a first priority security interest in certain equipment as security for CNET's obligations. A true and correct copy of the Agreement is attached hereto as Exhibit 1.

7. To induce First Citizens to enter into the Agreement, Ali executed a personal guaranty (the "Guaranty"), wherein Ali personally guaranteed CNET's obligations to First Citizens under the Agreement. A true and correct copy of the Guaranty is set forth on the face of the Agreement, attached hereto as Exhibit 1.

8. First Citizens has fulfilled all of its obligations under the Agreement and Guaranty.

b. **Equipment Schedule xxx-xxx-3178**

9. Also on February 17, 2023, First Citizens, as lender, and CNET, as borrower, entered into Equipment Schedule No. xxx-xxx-3178 ("Schedule No. 1"), wherein First Citizens financed CNET's acquisition of one (1) 2021 Ford Transit T350, VIN 1FTBW3U86MKA16156 (the "First Equipment"). A true and correct copy of Schedule No. 1 and the Addendum thereto is attached hereto as Exhibit 2.

10. Pursuant to Schedule No. 1, CNET agreed to make sixty (60) consecutive monthly payments of $1,312.85 each. *See* Exhibit 2.

11. To secure CNET's obligations under Schedule No. 1, CNET granted First Citizens a first priority security interest in the First Equipment. *See* <u>Exhibit 1</u>, ¶ 14.

12. First Citizens perfected its security interest in the First Equipment by recording its lien on the Certificate of Title for the First Equipment. A true and correct copy of the Electronic Certificate of Title for the First Equipment is attached hereto as <u>Exhibit 3</u>.

13. First Citizens fully performed its obligations under Schedule No. 1.

    c.    **<u>Equipment Schedule xxx-xxx-4019</u>**

14. On April 11, 2023, First Citizens, as lender, and CNET, as borrower, entered into Equipment Schedule No. xxx-xxx-4019 ("Schedule No. 2"), wherein First Citizens financed CNET's acquisition of one (1) 2020 Toyota Sienna, VIN 5TDYZ3DC2LS064931 (the "Second Equipment"). A true and correct copy of Schedule No. 2 and the Addendum thereto is attached hereto as <u>Exhibit 4</u>.

15. Pursuant to Schedule No. 2, CNET agreed to make sixty (60) consecutive monthly payments of $1,512.30 each. *See* <u>Exhibit 4</u>.

16. To secure CNET's obligations under Schedule No. 2, CNET granted First Citizens a first priority security interest in the Second Equipment. *See* <u>Exhibit 1</u>, ¶ 14.

17. First Citizens perfected its security interest in the Second Equipment by recording its lien on the Certificate of Title for the Second Equipment. A true and correct copy of the Electronic Certificate of Title for the Second Equipment is attached hereto as <u>Exhibit 5</u>.

18. First Citizens fully performed its obligations under Schedule No. 2.

    d.    **<u>Equipment Schedule xxx-xxx-1659</u>**

19. On August 18, 2023, First Citizens, as lender, and CNET, as borrower, entered into Equipment Schedule No. xxx-xxx-1659 ("Schedule No. 3") (collectively, with Schedule No. 1 and

Schedule No.2, the "Schedules"), wherein First Citizens financed CNET's acquisition of one (1) 2018 Ford Transit AEV, VIN 1FDYR2CM2JKB47554 (the "Third Equipment") (collectively with the First Equipment and Second Equipment, the "Equipment"). A true and correct copy of Schedule No. 3 and the Addendum thereto is attached hereto as Exhibit 6.

20. Pursuant to Schedule No. 3, CNET agreed to make sixty (60) consecutive monthly payments of $1,464.37 each. See Exhibit 6.

21. To secure CNET's obligations under Schedule No. 3, CNET granted First Citizens a first priority security interest in the Third Equipment. See Exhibit 1, ¶ 14.

22. First Citizens perfected its security interest in the Third Equipment by recording its lien on the Certificate of Title for the Third Equipment. A true and correct copy of the Electronic Certificate of Title for the Third Equipment is attached hereto as Exhibit 7.

23. First Citizens fully performed its obligations under Schedule No 3.

    e.    **Payment Default**

24. CNET defaulted under the Agreement and Schedules by failing to make the payments due.

25. Ali failed to make payments under the Guaranty.

26. Failure to make payments when due is an Event of Default under the Agreement and Schedules. See Exhibit 1, ¶ 15.

27. Upon the occurrence of an Event of Default, First Citizens is entitled to seek the past due balance, future balance discounted to present value at the rate of four percent (4%) per annum under the Agreement and Schedules, return of the Equipment, past due interest at the highest legal rate, and all costs and expenses related to collection or repossession, including attorneys' fees. See Id.

28. The remaining balance due to First Citizens under the Agreement, Schedules and Guaranty is $215,843.07.

29. First Citizens has demanded payment from the Defendants pursuant to the Agreement, Schedules and Guaranty, but the Defendants have failed or refused to make payment.

## COUNT I - BREACH OF CONTRACT
## AGAINST CNET, INC

30. First Citizens re-alleges and re-asserts Paragraphs 1 through 29 of its Verified Complaint as though fully set forth herein.

31. First Citizens has fully performed its obligations under the Agreement and Schedules.

32. CNET defaulted under the Agreement by failing to make all necessary payments when due.

33. As a result of CNET's payment default, First Citizens is entitled to payment of $215,843.07, plus prejudgment interest, attorneys' fees and costs.

34. First Citizens hereby gives CNET notice that unless the principal balance of $215,843.07 is paid within ten (10) days of receipt of this Verified Complaint, then CNET shall become liable to First Citizens for its reasonable attorney's fees in an amount equal to 15% of the first $500.000 due, plus 10% of the remaining balance. Ali may avoid the obligation to pay reasonable attorney's fees by paying the principal balance of $215,843.07 within 10 days.

WHEREFORE Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant CNET, INC in the amount of $215,843.07, plus prejudgment interest at the highest legal rate, attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT II - BREACH OF GUARANTY
## AGAINST BIBI AKLIMA ALI

35. First Citizens re-alleges and re-asserts Paragraphs 1 through 34 of its Verified Complaint as though fully set forth herein.

36. Ali defaulted under the Guaranty by failing and refusing to make payments when due.

37. As a result of Ali's default under the Guaranty, First Citizens is entitled to payment of $215,843.07, plus interest, attorneys' fees and costs.

38. First Citizens hereby gives Ali notice that unless the principal balance of $215,843.07 is paid within ten (10) days of receipt of this Verified Complaint, then Ali shall become liable to First Citizens for its reasonable attorney's fees in an amount equal to 15% of the first $500.000 due, plus 10% of the remaining balance. CNET may avoid the obligation to pay reasonable attorney's fees by paying the principal balance of $215,843.07 within 10 days.

WHEREFORE Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that the Court enter judgment in its favor and against Defendant BIBI AKLIMA ALI in the amount of $215,843.07, plus prejudgment interest at the highest legal rate, attorneys' fees and costs, as well as all other such relief which this Court deems just.

## COUNT III – WRIT OF POSSESSION AND TURN OVER ORDER
## AGAINST CNET, INC

39. First Citizens re-alleges and re-asserts Paragraphs 1 through 38 of its Verified Complaint as though fully set forth herein.

40. This claim is brought pursuant to Georgia Code Ann. § 44-14-230 *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

41. CNET granted First Citizens and security interest in the Equipment as consideration for the Master EFA.

42. Pursuant to the Agreement and Schedules, upon a default, First Citizens is entitled to the Equipment. *See* Exhibit 1, ¶ 14.

43. First Citizens has been unable to secure the Equipment by peaceful means.

44. CNET is wrongfully and unlawfully detaining the Equipment.

45. First Citizens has demanded the return of the Equipment from CNET, but CNET has failed or refused to return the same.

46. Because of the uncured default, First Citizens is entitled to a Writ of Possession and Turn Over Order for the Equipment.

47. First Citizens will suffer irreparable damages if the Equipment is not returned to First Citizens, because CNET has not been able to pay the amounts it owes to First Citizens, such that First Citizens' only recovery may be from a sale of the Equipment.

48. The Equipment has not been taken for any tax, assessment, or fine levied by virtue of any law of this State, against the property of First Citizens, nor seized under any lawful process against the goods and chattels of First Citizens subject to such lawful process, nor held by virtue of any order for replevin against First Citizens.

49. Upon information and belief, the Equipment is located at 2410 Summit Oaks Ct., Lawrenceville, GA 30043.

50. First Citizens estimates that the fair market value of the First Equipment is approximately $36,454.99 to $40,292.36, depending on condition.

51. First Citizens estimates that the fair market value of the Second Equipment is approximately $41,225.48 to $45,565.00, depending on condition.

52. First Citizens estimates that the fair market value of the Third Equipment is approximately $35,910.00 to $39,690.00, depending on condition.

53. First Citizens estimates that the total fair market value of the Equipment is approximately $113,590.47 to $125,547.36, depending on condition.

WHEREFORE, Plaintiff FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that this Honorable Court enter a Writ of Possession and Turn Over Order directing the United States Marshals Service, or any other designated officer, to use all necessary force to repossess the Equipment, or any portion thereof, from CNET, INC located at 2410 Summit Oaks Ct., Lawrenceville, GA 30043, or any other location where the Equipment may be found, and enter judgment against CNET, INC for the value of any portion of the Equipment not so returned, plus attorney's fees and costs, as well as all other and further relief which this Court deems just.

## COUNT IV – DETINUE
## AGAINST CNET, INC AND BIBI AKLIMA ALI

54. First Citizens re-alleges and re-asserts Paragraphs 1 through 53 of its Verified Complaint as though fully set forth herein.

55. This claim is brought pursuant to Ga. Code Ann., § 11-9-609 *et seq.*, made applicable to this proceeding pursuant to 28 U.S.C. § 1652.

56. Pursuant to the Agreement and Schedules, upon a default, First Citizens is entitled to the Equipment.

57. The Equipment is in the Defendants' possession.

58. The Defendants are wrongfully retaining possession of the Equipment, because the Defendants have defaulted under the terms of the Agreement, Schedules and Guaranty by failing

to make timely payments when due. Under the terms of the Agreement, Schedules and Guaranty, the Defendants are required to surrender the Equipment to First Citizens.

59. First Citizens' right to possession of the Equipment is superior to that of Defendants.

60. First Citizens is entitled to an order directing Defendants to assemble and turn over the Equipment within ten (10) calendar days, or such other reasonable time period as the Court may determine.

WHEREFORE, FIRST CITIZENS BANK & TRUST COMPANY respectfully requests that this Court enter an Order compelling CNET, INC and BIBI AKLIMA ALI to assemble and surrender the Equipment to FIRST CITIZENS BANK & TRUST COMPANY, at a place and time directed by FIRST CITIZENS BANK & TRUST COMPANY, within ten (10) days of this Court's entry of judgment and/or a turnover order.

Respectfully submitted this 27th day of February, 2026

**KING, YAKLIN & WILKINS, LLP**
*Attorneys for Plaintiff First Citizens Bank and Trust Company*

/s/ Matthew M. Wilkins
Matthew M. Wilkins
Georgia Bar Number: 142291
William H. Hamilton IV
Georgia Bar Number: 672646

192 Anderson Street
Suite 125
Marietta, Georgia 30060
(770) 424-9235
(770) 424-9239 facsimile
mwilkins@kingyaklin.com
whamilton@kingyaklin.com

## VERIFICATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in the Complaint are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____    Date: 2/26/26
David DiDonato Jr.
VP Equipment Finance Recovery
FIRST CITIZENS BANK & TRUST COMPANY